UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| JUAN MANUEL HAROS<br>Petitioner-Applicant<br><br>V.<br><br>CHARISMA EDGE, Warden<br>FCI La Tuna<br>Respondent | §<br>§<br>§<br>§<br>§  NO:<br>§<br>§  EP25CV0427<br>§<br>§ |

JUDGE LEON SCHYDLOWER

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2241**

Comes now Juan Manuel Haros, Petitioner – Applicant (herein after Petitioner) Pro Se, and pursuant to 28 U.S.C §2241, petitions this Honorable Court for a writ of habeas corpus, and in support will show the following:

    1. Petitioner is presently imprisoned at La Tuna Federal Correctional Institution in Anthony, Texas.

    2. Petitioner pled guilty on December 14, 2021 to 21 U.S.C. §846 conspiracy to distribute and possess with intent to distribute controlled substances.

    3. Petitioner is not attacking the conviction or the manner in which the sentence is carried out.

    4. Petitioner is challenging the manner in which Good Time Credits, First Step Act Credits and Second Chance Credits are applied and in which petitioner's release is determined.

    5. Petitioner was in federal custody between December 14, 2021 and August 20, 2025, was engaged in productive activity, thus pursuant to the FSA Petitioner is entitle to FSA credits.

    6. The case manager at La Tuna has indicated that Petitioner's projected release date is October 6, 2029

7. The date provided by the case manager is contrary to the First Step Act (FSA), the Second Chance Act (SCA) and the Bureau of Prisons (BOP) mandate regarding application of Good Time (GT), FSA, SCA and BOP mandate. No SCA credit is being provided at all to petitioner.

8. Habeas Corpus relief is not limited to the immediate release from illegal custody, but is available as well to attack future confinement and obtain future release.

9. It is clear from the language of §2241(c)(3) that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and that the traditional function of the writ is to secure release from illegal custody.

10. The First Step Act of 2018 was passed with the intentions of rectifying disproportionate and racial disparate penalties in federal sentencing. Congress further realized that prolonged imprisonment was not that effective and concerns existed on the effects of incarceration had on employment opportunities of the incarcerated.

The FSA reauthorized the Second Chance Act of 2007 as well as creating and providing incentives to inmates to participate in evidence-based recidivism programs (programming) and productive activity in which prisoners could earn 365 days off their sentence and credits for release to a Residential Reentry Center (RRC) (half-way house) placement. An inmate can earn 15 days for each month in which the inmate programs or is engaged in productive activity, which is applied to the 365 days reduction and the remaining credits applied to the pre-release to a RRC.

The Second Chance Act of 2007 provides an inmate with up to 365 days of RRC and 6 months of home confinement. These credits are applied in addition to the FSA. No SCA Credits is being provided to petitioner.

11. During the past, the BOP has had in place schemes to prolong the imprisonment past a release date to a RRC, to home confinement by the prison or completion of the sentence, thus, resulting in an illegal and improper confinement by the prison.

12. In the memos to prison facilities, dated May 28, 2025 and June 17, 2025, BOP director William K Marshall III, directed in a new policy that prisons must ensure that inmates receive all FSA, Good Time, and SCA credits to which they are entitled. The new policy was implemented to avoid wasting millions of taxpayer dollars, release strain on prison bed space and staffing, and eliminate prolonged and unnecessary burdens on inmates and their families (Exhibit A).

13. Charisma Edge, warden of La Tuna, also issued a directive dated June 19, 2025 advising the inmate population of the same (Exhibit B).

14. Regardless of the new directives by the BOP director and La Tuna Warden, case managers are refusing to provide inmates with the Second Chance credits, thus providing an improper release and improper prolonged imprisonment.

15. Pursuant to Congressional intent and the FSA, Petitioner is entitled to FSA credits since the first month in federal custody.

16. Pursuant to the Supreme Court, the legislative history, Congressional intent, and the FSA, Petitioner is entitled to FSA credits during the period of April 15, 2020 and July 14, 2025, due to the Petitioner's productive activity which consisted of employment within the prison facility.

17. If the case manager, or BOP was to properly apply the FSA to the Petitioner, placement in an RRC should have taken place on or about March 14, 2024.

### Purpose of 28 U.S.C §2241

18. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.

19. Habeas Corpus is available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to a conviction by a court or competent jurisdiction.

20. Habeas Corpus is an appropriate remedy for the restoration of an inmate's Good Time, First Step Act and Second Chance Act credits on their sentence, even if their credits will not result in their immediate release, but only in shortening the length of their actual confinement in prison.

21. Habeas Corpus is a Constitutional recognized and protected right under Article I, Section 9, Clause 2, which provides an expeditious (3 to no more than 20 days) remedy to an illegal confinement. 18 U.S.C §2241. Thus, an illegal confinement is not only a Constitutional violation, but a violation of 18 U.S.C §231 and §232, deprivation of rights under color of law, and conspiracy to deprivation of rights under color of law. The fundamental instrument for safeguarding individual freedom against arbitrary and lawless government action. Habeas Corpus is a remedy to a claim of "custody in violation of the Constitution of laws of the United States" 28 U.S.C §2241 (C)(3).

22. Proceedings to enforce a civil right, as in this case is a civil proceeding and proceedings for the punishment of crimes are criminal proceedings. Ex Parte: Tom Tong, 108 US 556 (1883). When there is a criminal prosecution against one, a writ of habeas corpus inquires into the legality of his detention not his conviction or sentence, and is not a proceeding in a prosecution, but a new suit to enforce a civil right. Thus, when a petitioner claims that the constitution gives him the right to his liberty, not withstanding the charge that has been made against him, and he has seeked judicial process to enforce that right, the proceedings on his part are civil proceedings, not withstanding his object is by means of it, to get released from custody under a criminal prosecution.

4

23. Because Habeas Corpus under U.S.C §2241 is a constitutional right, a right secured by the constitution, there can be no rule making which would abrogate them, such as regarding exhaustion of administrative remedies. Exhaustion of Administrative Remedies is not required for a petition for habeas corpus, in that this is not action or claim to prison conditions, but an action regarding the unlawful and illegal imprisonment in violation of the Constitution and laws of the United States. Exhaustion is required in prison conditions claims and actions under the Prisoner Litigation Reform Act. To require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited.

Conclusion

Petitioner hereby requests this Honorable court to grant the writ or issue an order directing the respondent to show cause why the writ should not be granted, and to properly provide all Good Time, First Step Act and Second Chance Act Credits that Petitioner is entitled to.

August 22, 2025.                                    Respectfully,

*[signature: Juan Haros]*
Juan Manuel Haros
FCI La Tuna Federal Correctional Institution
PO Box 8000
Anthony, NM 88021