**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN MANUEL HAROS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-427-LS** |
| | § | |
| **CHRISMA EDGE, Warden,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Juan Manuel Haros, federal prisoner number 78888-509, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His opposed petition is dismissed because he failed to exhaust his administrative remedies before filing.

**BACKGROUND**

Haros conspired with others to distribute controlled substances in and around Newark, New Jersey. He was indicted for conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] Propenamide), contrary to 21 U.S.C. §§ 841(a)(l) and (b)(l)(A) (Count One).[2] He was also indicted for knowingly possessing a Beretta 9mm caliber firearm loaded with three rounds of 9mm ammunition in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). He pleaded guilty pursuant to a plea agreement to Count One of the indictment, and he was adjudicated guilty of "conspiracy to distribute and possess

---

[1] Pet'r's Pet., ECF No. 1.
[2] *See United States v. Haros*, 2:22-cv-15-JNX (D. N.J.), Indictment, ECF No. 3.

with intent to distribute controlled substances."[3] He was sentenced on July 12, 2023, to 120 months' imprisonment followed by five years' supervised release.

Haros is a 28-year-old prisoner who was confined to the La Tuna Federal Correctional Institution in Anthony, Texas, when he filed his petition. He is currently confined to the Federal Correctional Institution in Yazoo City, Mississippi.[4] His projected release date is September 25, 2029. *Id*.

In his § 2241 petition, Haros challenges the execution of his sentence.[5] Specifically, he questions the way his "Good Time Credits, First Step Act Credits, and Second Chance [Act] Credits are applied and in which [his] release [date] is determined."[6] He claims that he has not received any Second Chance Act credits.[7] He further claims that he is entitled to First Step Act Earned Time Credits ("FTCs") from the first month of his federal custody because he has engaged in productive activity.[8] He asks the Court to intervene on his behalf and order the Respondent Warden Chrisma Edge to properly provide all the credits that he is due.[9]

In her response, Warden Edge maintains "[t]he Court should deny the Petition because Haros failed to exhaust administrative remedies. Alternatively, his Petition lacks merit."[10]

In his reply, Haros insists that Warden Edge's "assertion as to the exhaustion of administrative remedies requirement is erroneous, contrary to law, as well as criminal violations

---

[3] *Id*., J. Crim. Case, ECF No. 36.
[4] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 78888-509, last visited Aug. 24, 2026).
[5] Pet'r's Pet., ECF No. 1.
[6] *Id.* at 1.
[7] *Id.* at 2.
[8] *Id.* at 3.
[9] *Id*. at 5.
[10] Resp't's Resp., ECF No. 5.

of 18 U.S.C. § 371[11] and 26 U.S.C. § 7214,12 *et seq*."[13] He also maintains that Warden Edge's claim that his "good conduct time (GTC), Second Chance Act (SCA) credits, as well as [his] release date" were properly calculated "is erroneous, contrary to law, Bureau of Prisons policy, as well as a criminal violation." *Id*. at 1.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[14] A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[15] To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States."[16]

## ANALYSIS

### A. Exhaustion

Haros' administrative remedy history shows that he has not submitted any administrative remedy requests during his term of imprisonment.[17] Haros argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited."[18] He is wrong.[19]

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify

[11] 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States").
[12] 26 U.S.C. § 7214 ("Offenses by officers and employees of the United States").
[13] Pet'r's Reply, ECF No. 6.
[14] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[15] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[16] 28 U.S.C. § 2241(c).
[17] *See* Resp't's Resp., Ex. 2 (Decl. of Michael Caldwell), ECF No. 5-2 at ¶ 10.
[18] Pet'r's Pet., ECF No. 1 at 5.
[19] *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).

an error if it fails to properly calculate a sentence.[20] "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'"[21]

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances."[22] And a petitioner bears the burden of demonstrating such circumstances.

Consequently, Haros "must first pursue all available administrative remedies" before seeking relief under § 2241.[23] And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP.[24]

The Court finds that Haros has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review.[25] It notes that dismissal on this basis

---

[20] *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

[21] *Setser*, 607 F.3d at 133 (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

[22] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).

[23] *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).

[24] *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

[25] *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.").

alone is warranted.[26]

**B. Merits**

Further, Haros claims that he is entitled to FTCs between December 14, 2021, and August 20, 2025, or April 15, 2020, and July 14, 2025.[27] He further claims that he has not received any Second Chance Act credits.[28]

The First Step Act provides that an inmate may not earn FTCs "during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."[29] "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[30] The effect of these statutes is that an inmate is ineligible to earn FTCs until (1) he is sentenced, and (2) in custody awaiting transportation to his BOP designated facility or voluntarily reports to his BOP designated facility. Consequently, Haros is clearly ineligible to earn FTCs while in official detention before his sentencing on July 12, 2023.[31] Additionally, he is arguably ineligible under 18 U.S.C. § 3632(d)(4)(D)(lxvii) to earn any FTCs because he is serving a sentence for a fentanyl conviction under 21 U.S.C. § 841(b)(1)(A)(vi) involving 400 grams or more of a mixture containing a detectable amount of fentanyl.

Finally, a federal inmate does not have "a constitutional right to be housed in a particular place or any constitutional right to early release."[32] The designation of a federal inmate's place of

---

[26] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).
[27] Pet'r's Pet., ECF No. 1 at 1, 3.
[28] *Id.* at 2.
[29] 18 U.S.C. § 3632(d)(4)(B).
[30] *Id.* § 3585(a).
[31] *See United States v. Haros*, 2:22-cv-15-JNX (D. N.J.), J. Crim. Case, ECF No. 36.
[32] *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020) (per curiam) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

imprisonment is the BOP's responsibility, and the BOP's designation decision is not subject to judicial review.[33] Since a federal inmate's prerelease custody placement in a residential reentry center or home confinement under the SCA is merely a designation decision, Haros cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[34]

## CONCLUSIONS AND ORDERS

The Court concludes that Haros has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Juan Manuel Haros' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED** this 24th day of August 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[33] *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

[34] *See* 28 U.S.C. § 2241(c)(3).